# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| KEVIN L. HAYSLETT, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )    Case No. 10-6025-CV-SJ-GAF |
| | ) |
| LARRY DENNEY, | ) |
| | ) |
|        Respondent. | ) |

## ORDER

Petitioner, Kevin Hayslett, is currently incarcerated pursuant to the sentence and judgment of the Circuit Court of Jackson County, Missouri. Petitioner was found guilty of seven counts of forcible rape, nine counts of forcible sodomy, three counts of attempted forcible sodomy and one count of first degree assault for which he was sentenced to twenty terms of life imprisonment with the Missouri Department of Corrections. The sentences are set so that petitioner is to serve a term of life imprisonment followed by a term of life imprisonment.

Petitioner argues in his petition for writ of habeas corpus that his guilty plea was unknowing and involuntary because he was unaware of what the term "consecutive" meant in terms of consecutive sentences. The Rule 24.035 trial court considered petitioner's claim and found it was meritless. That court held:

> 20. In Point 1, movant asserts that Dan Ross provided ineffective assistance of counsel when he failed to inform movant that serving his sentences consecutively meant that movant would serve his sentences one after the other, and that movant was thereby prejudiced. First, the court is not convinced that movant lacked an understanding of the meaning of consecutive life sentences. Mr. Hayslett's testimony at this evidentiary hearing was not believable. Given Mr. Hayslett's education level, his command of the English language, his testimony during the guilty plea, and the practices of his attorney in explaining the terms "consecutive" and "concurrent," this court finds that movant has not met his burden of persuasion.

21. The court finds from a preponderance of the evidence, that movant understood what consecutive life sentences meant, and that his plea was voluntary and that the range of punishment available to the sentencing court was fully understood by movant at the time of his plea.

22. In examining the transcript of the guilty plea hearing, the court finds that movant had many opportunities to question the term "consecutive," and that there is no evidence of confusion or lack of understanding of consecutive sentences.

23. Movant has failed to prove that he would have demanded a jury trial if he had understood the ?????? of two consecutive sentences.

The Missouri Court of Appeals also considered petitioner's claim. After reviewing the conclusion of the circuit court, the court of appeals stated in an unpublished opinion:

> The circuit court believed plea counsel's testimony that he acted in conformance with his customary practice of explaining the difference between concurrent and consecutive sentences. The circuit court also disbelieved Hayslett's testimony at the evidentiary hearing that he did not understand the difference between concurrent and consecutive sentences. We defer to the circuit court's superior ability to judge the credibility of witnesses. Miller v. State, 260 S.W.2d 393, 396 (Mo. App. 2008). The circuit court, therefore, was free to believe counsel's testimony and to disbelieve Hayslett's testimony on this issue.
>
> Furthermore, the record does not support Hayslett's claim that he lacked the understanding of the difference between consecutive and concurrent sentences. The record shows that at the guilty plea hearing, the following exchange took place between Hayslett and the circuit court:
>
> > Q. [BY THE COURT]: All right. And now instead of proceeding to a trial on your pleas of not guilty to all of the counts that the State had filed against you, you are entering guilty pleas to 20 of the counts that the State had charged you with; do you understand that?
> >
> > A. [BY HAYSLETT]: Yes.
> >
> > Q. And the rest of the counts are going to be dismissed by the State, understood?
> >
> > A. Yes.

> Q. All right. And has anybody forced you or pressured you to change your pleas in this case to pleas of guilty in these 20 counts?
>
> A. No.
>
> Q. Has there been a promise made to you and apart from this plea agreement that has caused you to decide to make this guilty plea here today?
>
> A. No.
>
> Q. And, in fact, there is no promise on the ultimate sentence that you will receive except that the sentence that I would impose would be no more than two consecutive life sentences, is that right?
>
> A. Yes.
>
> Q. That would be two sentences equivalent to or comparable to 30 years each; do you understand that?
>
> A. Yes.
>
> Q. All right. And that apart from knowing that is the lid or the maximum amount of years or sentence that I could impose on you, you understand that the full gamut of . . . ten years to two life sentences is available for me to impose as sentences on these –
>
> A. Yes.
>
> Q. –counts that you are pleading guilty to? Do you understand?
>
> A. Yes.

Moreover, at the sentencing hearing the prosecutor argued:

> The State is asking that he be sentenced to two consecutive life sentences and the reason quite frankly is to insure that he never has the opportunity to do this again. He is a young man. And given the current status of the parole law, he will be paroleable in a single life sentence after 25 and a half years. He has served about six weeks short of three years in custody already. With a single

> life sentence, he could be released as early as age 51. And the risk
> is too great. And it is for that reason the State believes that the
> appropriate sentence is two consecutive life sentences.
>
> Hayslett did not ask for clarification and did not express any confusion about the meaning of consecutive sentences. The record, therefore, shows that Hayslett was aware that the court could impose any sentence "from ten years to two life sentences" and that he was aware that he could receive two consecutive life sentences.

*Kevin Hayslett v. State of Missouri*, 290 S.W.3d 188 (Mo. App. 2009).

The resolution of this issue by the Missouri state court is a reasonable one that is entitled to deference under 28 U.S.C. § 2254(d). And as articulated by those courts, from their reading of the guilty plea transcript, and review of the Rule 24.035 evidentiary hearing, there is support in the record for the state court's resolution.

In his petition, petitioner reargues the fact finding by the state court that petitioner was aware of the significance of th term "consecutive." But as articulated by the state courts above, there were facts supporting those courts' findings of petitioner's knowledge. Accordingly, the state court's resolution of that question is reasonable and is entitled to deference under § 2244(d). Petitioner also argues that he obtained no benefit by pleading guilty to two consecutive life sentences. But the conclusion misstates the plea agreement to which petitioner plead. The plea agreement was for a lid of two consecutive sentences. The trial court retained the discretion to sentence petitioner to an amount substantially lower than that petitioner finally received. The full range of sentencing was from ten years up to two life sentences. The potential benefit of pleading guilty was substantial.

The record amply reflects that the guilty plea was entered knowingly and voluntarily, the petition for writ of habeas corpus is therefore denied.

4

                                                   s/ Gary A. Fenner
                                                   Gary A. Fenner, Judge
                                                   United States District Court

DATED:   June 2, 2010